RYAN M. BEAUDOIN, WSBA #30598
STEVEN J. DIXSON, WSBA #38101
WITHERSPOON · KELLEY
422 W. Riverside Avenue, Ste 1100
Spokane, WA  99201
Telephone:  509-624-5265
Facsimile:   509-458-2728
Email:  rmb@witherspoonkelley.com
Email:  sjd@witherspoonkelley.com

Counsel for Defendants Dreyer

HONORABLE
THOMAS O. RICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CYDE MARIE ESTES,

         Plaintiff,

v.

PROVIDENCE HEALTH & SERVICES – WASHINGTON, d/b/a PROVIDENCE ST. MARY MEDICAL CENTER, and d/b/a PROVIDENCE MEDICAL GROUP SOUTHEAST WASHINGTON NEUROSURGERY, and JASON A. DREYER, D.O. and JANE DOE DREYER, husband and wife and the marital community thereof,

         Defendants.

Case No. 4:21-cv-05042-TOR

DEFENDANTS DR. JASON DREYER AND JANE DOE DREYER'S ANSWER TO PLAINTIFF'S COMPLAINT & AFFIRMATIVE DEFENSES

      COME NOW the Defendants Jason A. Dreyer, D.O., and Jane Doe Dreyer, and answer Plaintiff's Complaint as follows:

DEFENDANT DREYER'S ANSWER TO PLAINTIFF'S COMPLAINT - 1
S2230459.DOCX

WITHERSPOON · KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300            Fax: 509.458.2728

## I. INTRODUCTION

1.1  Dr. Dreyer denies that he performed an "unnecessary and negligent surgery" on Plaintiff on March 21, 2018.  Dr. Dreyer lacks sufficient information to form an opinion or belief about the truth or falsity of the remainder of the allegations in Paragraph 1.1, and therefore denies the same.

## II. PARTIES

2.1  Defendant Dr. Dreyer incorporates all previous paragraphs as if fully restated herein.

2.2  Dr. Dreyer lacks sufficient information to form an opinion or belief about the truth or falsity of the allegations in Paragraph 2.2, and therefore denies the same.

2.3  The allegations in Paragraph 2.3 apply to a defendant other than Dr. Dreyer; as a result, Dr. Dreyer lacks sufficient information to form an opinion or belief about the truth or falsity of the remainder of the allegations in Paragraph 2.3, and therefore denies the same.

2.4  The allegations in Paragraph 2.4 apply to a defendant other than Dr. Dreyer; as a result, Dr. Dreyer lacks sufficient information to form an opinion or belief about the truth or falsity of the remainder of the allegations in Paragraph 2.4, and therefore denies the same.

DEFENDANT DREYER'S ANSWER TO PLAINTIFF'S COMPLAINT - 2
S2230459.DOCX

WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

2.5    Admit that Dr. Dreyer is an osteopathic physician and surgeon licensed to practice in the state of Washington.  Admit that Dr. Dreyer specializes in neurosurgery.  Admit that Dr. Dreyer provided medical and surgical care to Plaintiff.  Admit that Dr. Dreyer received compensation for the medical services he provided, to Plaintiff and other patients.  Admit that Dr. Dreyer is married, and that Dr. Dreyer and his wife are residents of the state of Washington.  Unless specifically admitted, the remainder of the allegations in Paragraph 2.5 are denied.

### III.    JURISDICTION/VENUE

3.1    Defendant Dreyer incorporates all previous paragraphs as if fully restated herein.

3.2    Paragraph 3.2 consists solely of legal conclusions to which no answer is required.  To the extent an answer is required, Dr. Dreyer denies the allegations in Paragraph 3.2.

3.3    Dr. Dreyer denies that any act or omission of his own care and treatment of the Plaintiff would support a cause of action against him.  Dr. Dreyer admits that he is a resident of Spokane, Washington.  Unless specifically admitted, all other allegations of Paragraph 3.3 are denied.

DEFENDANT DREYER'S ANSWER TO
PLAINTIFF'S COMPLAINT - 3
S2230459.DOCX



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

## IV. FACTS

4.1 Defendant Dreyer incorporates all previous paragraphs as if fully restated herein.

4.2 Deny that Plaintiff first saw Dr. Dreyer in the fall of 2017 as being inconsistent with the medical records in this case. Deny that Dr. Dreyer, at his initial appointment with the Plaintiff in August 2016, recommended the "extensive surgery" stated in Paragraph 4.2. Admit that Plaintiff was ultimately scheduled for surgery with Dr. Dreyer, and that surgery was planned for March 21, 2018. Dr. Dreyer is without sufficient information to form an opinion or belief about the truth or falsity of the remainder of the allegations in Paragraph 4.2, and therefore denies the same. If the allegations are consistent with Plaintiff's past medical history, Dr. Dreyer has no reason to deny Plaintiff's past medical conditions.

4.3 Admit that Dr. Dreyer performed surgery on the Plaintiff on March 21, 2018, and that the steps identified and numbered as 1-9 generally describe the interventions performed. Dr. Dreyer is not directly involved in the billing process to Plaintiff and her health insurance companies, so lacks sufficient information to form an opinion or belief about the truth or falsity of the allegations in Paragraph 4.3 as they pertain to billing, and therefore denies the

DEFENDANT DREYER'S ANSWER TO
PLAINTIFF'S COMPLAINT - 4
S2230459.DOCX

WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

same. If the allegations are consistent with the medical and/or billing records, Dr. Dreyer has no reason to deny Plaintiff's allegation regarding medical billing.

4.4     Admit that Dr. Dreyer used anterior, lateral and posterior approaches to access the Plaintiff's operative sites. Admit that Dr. Frederick Field was identified in Plaintiff's medical records as the co-surgeon for the anterior portion of the procedure. Dr. Dreyer has no independent recall of the length of the surgery and therefore lacks sufficient information to form an opinion or belief about the truth or falsity of the allegations regarding a 9 hour procedure, and therefore denies the same. If the allegation is consistent with the medical records, Dr. Dreyer has no reason to deny Plaintiff's allegation regarding the length of the procedure.

4.5     Deny to the extent the allegation is inconsistent with Plaintiff's medical records, admit to the extent the allegation is consistent with Plaintiff's medical records.

4.6     Deny that Dr. Dreyer ever billed the Plaintiff and her medical insurance companies for procedures that were not actually performed on Plaintiff's spine. Dr. Dreyer lacks sufficient information to form an opinion or belief about the truth or falsity of the allegations regarding the amounts billed or

DEFENDANT DREYER'S ANSWER TO PLAINTIFF'S COMPLAINT - 5
S2230459.DOCX

WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

the billing procedures involved with his March 21, 2018, surgery, and therefore denies the same.

    4.7    Deny.

    4.8    Deny.

    4.9    Dr. Dreyer lacks sufficient information to form an opinion or belief about the truth or falsity of the allegations in Paragraph 4.9, and therefore denies the same.

    4.10    Admit that, on March 21, 2018, and at all times that he saw Plaintiff as a patient, Dr. Dreyer was employed by Providence. Dr. Dreyer denies that any of his care and treatment of the Plaintiff was negligent. The remainder of the allegations in Paragraph 4.10 pertain to a co-defendant and/or consist solely of legal conclusions to which no answer is required; to the extent an answer is required, Dr. Dreyer denies the remainder of the allegations in Paragraph 4.10.

    4.11    Deny.

**V.    CAUSE OF ACTION FOR NEGLIGENCE VS PROVIDENCE HEALTH & SERVICES-WASHINGTON, d/b/a PROVIDENCE ST. MARY MEDICAL CENTER, and d/b/a/ PROVIDENCE MEDICAL GROUP SOUTHEAST WASHINGTON NEUROSURGERY (DEFENDANT PROVIDENCE)**

    5.1    Defendant Dreyer incorporates all previous paragraphs as if fully restated herein.

DEFENDANT DREYER'S ANSWER TO PLAINTIFF'S COMPLAINT - 6
S2230459.DOCX

**WITHERSPOON · KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

5.2    The allegations in Paragraph 5.2 pertain to a defendant other than Dr. Dreyer, and therefore no response is required from Dr. Dreyer. To the extent an answer is required, Dr. Dreyer lacks sufficient information to form an opinion or belief about the allegations contained in Paragraph 5.2, and therefore denies the same.

5.3    The allegations in Paragraph 5.3 pertain to a defendant other than Dr. Dreyer, and therefore no response is required from Dr. Dreyer. To the extent an answer is required, Dr. Dreyer lacks sufficient information to form an opinion or belief about the truth or falsity of the allegations contained in Paragraph 5.3, and therefore denies the same.

5.4    The allegations of Paragraph 5.4, and subsections 5.4.1 through 5.4.8, pertain to a defendant other than Dr. Dreyer, and therefore no response is required from Dr. Dreyer. To the extent an answer is required, Dr. Dreyer lacks sufficient information to form an opinion or belief about the truth or falsity of the allegations contained in Paragraph 5.4, and subsections 5.4.1 through 5.4.8, and therefore denies the same.

    5.4.1  Deny.

    5.4.2  Deny

    5.4.3  Deny

DEFENDANT DREYER'S ANSWER TO PLAINTIFF'S COMPLAINT - 7
S2230459.DOCX

**WITHERSPOON·KELLEY**
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300           Fax: 509.458.2728

      5.4.4  Deny that Dr. Dreyer ever performed a medically unnecessary or excessive neurosurgical procedure, or used unnecessary instrumentation or medical hardware in a surgical case.

      5.4.5  Deny that Dr. Dreyer caused "other patient injuries" in connection with neurosurgical procedures.

      5.4.6  Deny.

      5.4.7  Deny.

      5.4.8  Deny that Dr. Dreyer ever provided surgical care that was not medically necessary or that Dr. Dreyer provided surgical care for the purpose of earning excessive profit.

    5.5    The allegations in Paragraph 5.5 pertain to a defendant other than Dr. Dreyer, and therefore no response is required from Dr. Dreyer.  To the extent an answer is required, Dr. Dreyer lacks sufficient information to form an opinion or belief about the truth or falsity of the allegations contained in Paragraph 5.5, and therefore denies the same.

    5.6    The allegations of Paragraph 5.6, and subsections 5.6.1 through 5.6.5, pertain to a defendant other than Dr. Dreyer, and therefore no response is required from Dr. Dreyer.  To the extent an answer is required, Dr. Dreyer lacks sufficient information to form an opinion or belief about the truth or falsity of the



allegations contained in Paragraph 5.6, and subsections 5.6.1 through 5.6.5, and therefore denies the same.

    5.6.1  Deny.

    5.6.2  Deny.

    5.6.3  Deny.

    5.6.4  Deny.

    5.6.5  Deny.

5.7    The allegations in Paragraph 5.7 pertain to a defendant other than Dr. Dreyer, and therefore no response is required from Dr. Dreyer.  To the extent an answer is required, Dr. Dreyer lacks sufficient information to form an opinion or belief about the truth or falsity of the allegations contained in Paragraph 5.7, and therefore denies the same.

### VI.    CAUSE OF ACTION FOR NEGLIGENCE VS JASON A. DREYER, D.O.

6.1    Defendant Dreyer incorporates all preceding paragraphs as if fully restated herein.

6.2    Paragraph 6.2 consists solely of legal conclusions to which no answer is required.  To the extent an answer is required, Dr. Dreyer states that he complied with his duty of care in providing medical and surgical care to the Plaintiff.

DEFENDANT DREYER'S ANSWER TO
PLAINTIFF'S COMPLAINT - 9
S2230459.DOCX



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

    6.3    Deny.

          6.3.1  Deny.

          6.3.2  Deny.

          6.3.3  Deny.

          6.3.4  Deny.

          6.3.5  Deny.

    6.4    Deny.

    6.5    Deny.

## VII.  ACTING IN CONCERT

    7.1    Defendant Dreyer incorporates all preceding paragraphs as if fully restated herein.

    7.2    Paragraph 7.2 consists solely of legal conclusions to which no answer is required.  To the extent an answer is required, Dr. Dreyer denies the allegations in Paragraph 7.2.

## VIII.  PRAYER FOR RELIEF

    8.1    Defendant Dreyer incorporates all preceding paragraphs as if fully restated herein.

    8.2    Dr. Dreyer denies that Plaintiff is entitled to any relief whatsoever against him or his marital community in this action, either as prayed for in the

DEFENDANT DREYER'S ANSWER TO PLAINTIFF'S COMPLAINT - 10
S2230459.DOCX

**WK  WITHERSPOON·KELLEY**
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

Complaint or otherwise.  Except as expressly admitted above, Dr. Dreyer denies each and every allegation contained in the Complaint.

        8.2.1  Deny.

        8.2.2  Deny.

        8.2.3  Deny.

        8.2.4  Deny.

        8.2.5  Deny.

        8.2.6  Deny.

    8.3    Paragraph 8.3 consists solely of a legal conclusion to which no answer is required.  To the extent an answer is required, Dr. Dreyer denies the allegations in Paragraph 8.3.

## IX.    AFFIRMATIVE DEFENSES

    9.1    Lack of subject matter jurisdiction.

    9.2    Plaintiff's complaint fails to state a claim upon which relief can be granted.

    9.3    Plaintiff's injuries or damages, if any, were the result of intervening and/or superseding causes or conditions for which Dr Dreyer is not responsible or legally liable.

DEFENDANT DREYER'S ANSWER TO PLAINTIFF'S COMPLAINT - 11
S2230459.DOCX

WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

9.4     Plaintiff has potentially failed to mitigate her claimed damages, if any.

9.5     If Plaintiff sustained any damage or injury as alleged in the complaint, the same was due to no negligence on the part of Dr. Dreyer but rather was the result of some cause over which Dr. Dreyer had no control.

9.6     As to certain injuries and damages alleged by Plaintiff herein, the same were the result of a pre-existing condition or conditions.

9.7     If Plaintiff's alleged damages are found to be the result of one or more individuals or entities, the total fault should be apportioned to the person(s) or entity(ies) whether or not a party to this litigation, in accordance with provisions of RCW 4.22.070.

9.8     This Defendant is entitled to an offset for payments made by insurance carriers, government agencies, and any other entity that has paid for medical expenses incurred.

9.9     Dr. Dreyer reserves the right to amend his Answer to include any other defenses or affirmative defenses that may be revealed through discovery and investigation in this matter.

DEFENDANT DREYER'S ANSWER TO
PLAINTIFF'S COMPLAINT - 12
S2230459.DOCX



WK  WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300            Fax: 509.458.2728

## X. PRAYER FOR RELIEF

Wherefore, having answered Plaintiff's Complaint and alleged affirmative defenses, Defendants Jason Dreyer, D.O., and Jane Doe Dreyer pray for judgment as follows:

1. That Plaintiff's Complaint and all claims against Dr. Dreyer and Jane Doe Dreyer therein be dismissed with prejudice.

2. For attorneys' fees and costs.

3. For such other and further relief as the Court

Respectfully submitted this 18th day of June, 2021.

WITHERSPOON KELLEY

By: *s/ Steven J. Dixson*
Ryan M. Beaudoin, WSBA #30598
rmb@witherspoonkelley.com
Steven J. Dixson, WSBA #38101
sjd@witherspoonkelley.com
*Attorney for Defendants Dreyer*

DEFENDANT DREYER'S ANSWER TO PLAINTIFF'S COMPLAINT - 13
S2230459.DOCX



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

# CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert Beatty-Walters
Law Office of Robert Beatty-Walters
3838 SE Franklin St.
Portland, OR 97202-1737
rbw@beattywalterslaw.com

*Counsel for Plaintiff*

Jennifer K. Oetter
Rachel Robinson
Lewis Brisbois
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Jeninifer.Oetter@lewisbribois.com
Rachel.Robinson@lewisbrisbois.com

*Counsel for Plaintiff*

*s/ Steven J. Dixson*
Steven J. Dixson, WSBA #38101
Witherspoon Kelley
422 W Riverside Ave, Ste 1100
Spokane, WA 99201
Email: sjd@witherspoonkelley.com

DEFENDANT DREYER'S ANSWER TO
PLAINTIFF'S COMPLAINT - 14
S2230459.DOCX



422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728