UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CYDE MARIE ESTES,<br><br>                    Plaintiff,<br><br>     v.<br><br>PROVIDENCE HEALTH & SERVICES—WASHINGTON, d/b/a PROVIDENCE ST. MARY MEDICAL CENTER, and d/b/a PROVIDENCE MEDICAL GROUP SOUTHEAST WASHINGTON NEUROSURGERY, and JASON A. DREYER, D.O., and LAURA M. DREYER, husband and wife and the marital community thereof,<br><br>                    Defendants. | NO. 4:21-CV-5042-TOR<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER |

BEFORE THE COURT is Defendant Providence Health & Services' motion for a protective order (ECF No. 128) and motion to expedite consideration of the same (ECF No. 130). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER ~ 1

informed. For the reasons discussed below, Defendant's motion to expedite (ECF No. 130) is **GRANTED** and Defendant's motion for a protective order (ECF No. 128) is **GRANTED IN PART**.

## BACKGROUND

This motion for a protective order arises out of a medical malpractice case brought by Plaintiff Clyde Este against her treating physician and her physician's employer, Defendant Providence Health & Services. *See* ECF Nos. 128 at 2; 132 at 2-3. On September 15, 2023, Plaintiff served Defendant with a Rule 30(b)(6) deposition notice. ECF No. 129-1 at 9. The notice listed 23 topics which Plaintiff intended to ask Defendant's 30(b)(6) designee about, and provided that the deposition would take place on October 16, 2023. *Id.* at 2-8. In a copy of the notice e-mailed to Defendant's attorney on the same day, Plaintiff wrote:

> Enclosed please find an Amended FRCP 30(b)(6) Notice to the Providence Defendants. That rule requires that "Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." As prompt conferral is required, I would like to meet with you sometime the week of September 18, 2023. We should be prepared to discuss dates and location for these depositions. I presume most will need to occur in Walla Walla, but I will be available at the location that is most convenient for your corporate designee(s).

ECF No. 133-1 at 14.

Four days later, on Tuesday September 19, 2023, Plaintiff again followed up with Defense, indicating that she had not received a response to the September 15

e-mail but "need[ed] to find a time as soon as possible to confer." ECF No. 133-1 at 15. The next day, September 20, Defense counsel replied that she hadn't reviewed the notice yet due to other impending deadlines and staff shortages. *Id.* at 16. She then stated, "If this notice is similar to the ones sent, we need to complete Dr. Yam's deposition in order to meaningfully respond to the notice. In his role, he may be one of the people with the most knowledge about some of the topics and/or he knows who would know." *Id.* Plaintiff replied the same day:

> [T]he Rules [do not] require plaintiff to wait for you to sort out your issues with Dr. Yam's deposition before deposing Providence as a corporation[.] . . . As to "the person most knowledgeable" that is not the standard under Rule 30(b)(6). Rather, the Rules require Providence to prepare a designee, who is either an officer, director, or managing agent, or other person who consents to testify on behalf of the Corporation to answer the questions outlined[.] . . . Dr. Yam, or anyone else Providence puts forth, must consent to speak on behalf of Providence, thereby binding the Corporation to their answers. Since you raised that issue, I'll reach out to [Dr. Yam's attorney] to ask whether Dr. Yam would consent to testify on Providence's behalf.
>
> Since you don't have time this week to confer, I have time next week. I [am] available anytime Monday, September 25th; Tuesday[,] September 26th between 11:00 a.m. and 12:00, and after 2:00 p.m.; Wednesday, September 27th, until 3:00 p.m., Thursday, September 28th after 1:00 p.m.; and any time on Friday[,] September 29th to confer.

*Id.* at 18.

The parties conferred two days later, on September 21, apparently about different but related matters. *Id.* at 30. However, they did not reach the issue of the 30(b)(6) deposition or the date set for that deposition. *Id.* As such, Plaintiff

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR
PROTECTIVE ORDER ~ 3

reached out the following day—Friday, September 22—with his availability for the next week. *Id.* Defendant indicated availability the next Friday, September 29. *Id.* at 31, 35. The parties conferred in-person on September 29, and Plaintiff followed up shortly after the meeting by e-mail:

> I'm attaching a Word document that I've used to try to capture our discussion and where we are.[1] Please feel free to track changes on this document to add your comments or corrections. My hope is to find those areas of agreement and get depositions scheduled, and to isolate issues where we cannot agree so that we can get them in front of Judge Rice for resolution.
>
> As you know, our notice is set for October 16, 2023. You agreed to get back to me by October 4, to see where we are. Thank you.

*Id.* at 46.

A week passed without response from Defense counsel. *Id.* at 47. Plaintiff reached out on October 5, writing:

> When we spoke on Friday [September 29], you indicated that you would get back to me on our Rule 30(b)(6) notice by October 4. I have not seen any response [from] you to my email from Friday.
>
> At this point we have a Notice with a date of compliance of October 16, 2023. We will be prepared to take the noticed depositions on that date, *unless we can agree to an alternative date for witnesses to show up . . . or if you move for a protective order*. We should talk more about this,

---

[1] The attached Word document lists all 23 topics identified in Plaintiff's deposition notice to Defendant and the status of the parties' agreements on those issues. *See* ECF No. 133-1 at 38-45.

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER ~ 4

> so it would be helpful if you would respond to my email of September 29, 2023, as you agreed.

*Id.* at 47 (emphasis added).

The parties apparently conferred again five days later, on October 10. *Id.* at 56. Plaintiff summarized the meeting in an e-mail and doubled down on the need for the parties to select a date and narrow down the issues included in the notice:

> I am not willing to release the October 16, 2023, date until we have agreed to another date for the deponents that you are willing to produce . . . [and] we need to narrow down the issues for the court as to those questions you are unwilling to provide witnesses to answer. My understanding of the rule[ ] is that the Noticed party must provide a witness or move for a protective order.
>
> . . . Today you mentioned you hope to provide Betsy Vo[ ] and the new director of the Neurosurgery department as witnesses to answer some of the questions.
>
> At this point, I do know everyone has October 16[ ] available, so if we can get some of the questions on the table with Betsy Vo and the other person on October 16, that could be productive.
>
> What would be most helpful is if you could look at the Word document I sent on September 29, and add your comments. At this point my Notice for October 16, 2023 is still operative.

*Id.* at 56.

The next day, on October 11, Plaintiff again reached out via e-mail, expressing frustration that Defendant had yet to select a 30(b)(6) designee and reiterating that the Rule required Defendant to either produce a witness by the date

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER ~ 5

noticed, move for a protective order, or work with Plaintiff to find an alternative date. *Id.* at 58. Plaintiff added that "we will be prepared with a court reporter and videographer to take these depositions on Monday as noticed." *Id.* Defendant replied via e-mail:

> Plaintiff unilaterally noticed the deposition for a date when I did not/had not verified that I would be able to produce anyone, let alone the person identified. *I have said repeatedly that we are not available on October 16 and would not have a witness on that day.*
>
> . . . We are scheduled to connect again [with our client] Monday morning because [Ms. Vo and the director of neurosurgery] . . . are not going to work out. I am hopeful I will have the correct people identified next week and then be able to connect with them about availability. Once that happens I will email you options of dates that work for me and the witnesses.

*Id.* at 60 (emphasis added).

The following day, on October 12, the parties again apparently conferred, to no avail. *Id.* Plaintiff summarized via e-mail:

> You have not provided any alternative dates or witnesses and I am uncomfortable just putting this off indefinitely, given the difficulty in getting discovery thus far.
>
> . . . Dr. Yam's lawyer has not indicated that Dr. Yam is available . . . and at this late date . . . I can assume Dr. Yam is not available for Monday [October 16].
>
> . . .
>
> I have been and remain agreeable to work with you to find an alternative date or dates, within a reasonable time period. **I am available October 17, 19, 24, 25, 26, and 31, as well as November 1, 2, and 3 for these depositions.**

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER ~ 6

> As you know, our initial expert disclosures are due on November 6, so it was my hope to get this discovery in time to provide our experts with that information. In addition, [another attorney for one of the defendants] has indicated his intent to file a motion to bifurcate and it is my view that this information will be necessary for plaintiff to respond adequately to the anticipated motion. Thus, in view of the court's scheduling order, and the discovery that remains, I am uncomfortable extending the depositions any further. . . .
>
> Once we have agreed on an alternative date, I will release the October 16, 2023, deposition date. However, to be clear, until such time as we have a mutually agreeable alternative deposition date, I will insist the deposition remain as scheduled in the duly served Notice of deposition.

*Id.* at 59 (bold in original).

On Friday, October 13, Defendant replied:

> I have e-mailed multiple times that this [deposition] is not going [forward]. I will not be appearing. Engaging in this aggressive and unnecessary behavior is not helpful.
>
> We have been responsive and transparent. We conferred and still have issues for conversation. I have been transparent [in] advising you who I hope to identify to be able to appear for [the] 30 B6 notice, but have not yet confirmed the identity or availability of any person in this short amount of time, let alone have time to allow them to prepare for [the] 30b6 deposition . . .
>
> Please let me know if I need to try to schedule some kind of emergency hearing with the court [w]hile I am traveling. [Y]ou are [also] aware that the two lawyers helping me primarily with this case have left [the firm].

*Id.* at 63.

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER ~ 7

In reply, Plaintiff continued to "insist that the deposition remain as scheduled" unless Defendant would agree to one of the bolded abovementioned dates. *Id.* at 62. Defendant answered, "I cannot agree on a new date as you know because I do not have a human identified yet." *Id.* at 66.

On Friday, October 13, Defendant filed this motion for a protective order, asking the Court to "postpon[e] the corporate deposition of Defendant until a future, mutually agreeable date that allows sufficient time for Defendant to identify and prepare witnesses. Defendant believes that time will be sometime after the completion of Dr. Yam's deposition." ECF No. 128 at 4. Defendant moved to expedite consideration of the motion by October 17. ECF No. 130.

At 9:30 a.m. on Monday, October 16, Plaintiff convened the deposition by Zoom link. ECF No. 133 at 8, ¶ 25. Counsel for Providence appeared, but no witness was produced. *Id.* In response to Defendant's motion, Plaintiff asserts that she is not opposed to setting a different date for the depositions, but only insists that a firm date be set for those depositions rather than extending them to some indefinite point in the future or tying them to Dr. Yam's deposition, which remains to be scheduled. ECF No. 132 at 5. Plaintiff believes Defendant was required to obtain a protective order before the scheduled October 16 deposition. *Id.* at 5-7. Plaintiff indicates that she intends to file for sanctions and other relief. *Id.* at 9. As of October 19, 2023, Plaintiff has yet to file a motion for sanctions.

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER ~ 8

## DISCUSSION

The Court expects that, in the ordinary course of action, two experienced members of the Bar should be able to reach a peaceful and professional resolution of their calendaring issues without judicial intervention. Nevertheless, the Court **GRANTS** the motion for a protective order in part. Dr. Yam will be deposed **on or before November 3, 2023**. Defendant will produce its 30(b)(6) designee(s) for deposition **on or before November 17, 2023**. To accommodate these delays, the Court will amend the Second Amended Scheduling Order so that the initial expert disclosures and their Rule 26(a)(2) reports will be due **on or by December 15, 2023**. *See* ECF No. 124 at 2. All other dates as to the Second Amended Scheduling Order, including the April 22, 2024 discovery cutoff date, remain in effect at this time.

Rule 30(b)(6) provides:

> In its notice or subpoena, a party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination.

FED. R. CIV. P. 30(b)(6). The conference between the parties must occur "as soon as practicable." FED. R. CIV. P. 26(f)(1). The purpose behind the Rule's

conference requirement is to streamline the discovery process. *Pickett v. Temporary Housing, Inc.*, No. 2:21-CV-0174-TOR, 2023 WL 2290247, at *2 (E.D. Wash. Feb. 28, 2023) (citation omitted) (unreported).

Under Rule 26(c)(1), a party from whom a deposition is sought "may move for a protective order." FED. R. CIV. P. 26(c)(1). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *Id.* To establish good cause, the movant "must make a clear showing of a particular and specific need for the order." *WebSideStory, Inc. v. NetRatings, Inc.*, 06-cv-408 WGH (AJB), 2007 WL 1120567, at *1 (S.D. Cal. Apr. 6, 2007) (unreported).

Upon a showing of good cause, the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . [s]pecifying the terms, [such as the] time and place or the allocation of expenses, for the disclosure or discovery." FED. R. CIV. P. 26(c)(1)(B). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

In its Second Amended Scheduling Order, this Court specifically instructed the parties that "[a]ny stipulation or motion for a . . . protective order must be

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR
PROTECTIVE ORDER ~ 10

timely filed so as not to delay the discovery process or the Court's deadlines." ECF No. 124 at 4. It is well-established law in the Ninth Circuit that a party seeking to stay or cancel a properly-noticed deposition must obtain a protective order from the Court *before* the scheduled deposition date. *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964), *cert. denied*, 380 U.S. 956 (1965) ("Rule 30(b) places the burden on the proposed deponent to get an order, not just to make a motion . . . [o]therwise, as this case shows, a proposed deponent, by merely filing motions under Rule 30(b), could evade giving his deposition indefinitely."); *see also Gould v. Allstate Vehicle & Prop. Ins. Co.*, 2:22-cv-00820-LK, 2023 WL 3018865, at *14 (W.D. Wash. Apr. 20, 2023); *but see Miller v. Monroe Sch. Dist.*, C14-1946-JCC, 2015 WL 12696531 (W.D. Wash. Aug. 10, 2015) (holding that *Pioche* does not require a party to obtain a protective order prior to the time of the noticed deposition, but instead "concerns the willful failure of a Defendant to appear for [a] deposition"), *vacated on other grounds by* 2015 WL 14018105 (W.D. Wash. Oct. 28, 2015). At least one appellate court has upheld a trial court's protective order issued after the time of the noticed deposition where the party noticing the deposition received a copy of the other party's protective order and was informed that the party to be deposed could not attend, yet refused to reschedule. *See, e.g.*, *Seldowitz v. Office of Inspector Gen. of U.S. Dep't of State*, 95 Fed. App'x 465, 467 (4th Cir. 2004).

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER ~ 11

The facts here cut against the arguments of both parties. Plaintiff was aware that Defendant did not have a corporate designee prepared, but pressed forward with the scheduled deposition anyway. Defendant was forthcoming that she did not expect to have a 30(b)(6) designee at the ready until Dr. Yam was deposed, but was evasive as to what specific date would work and loath to notify the Court of the scheduling problems the parties were experiencing, despite knowing that Plaintiff intended to proceed with the deposition as calendared. To the Court's awareness, Plaintiff has yet to identify a 30(b)(6) witness.

The Court finds that the most fair and economical approach at this point is to grant the motion for the protective order in part. Since the parties could not agree to any specific days, the Court will set the dates for them and adjust the scheduling order accordingly. *See* Fed. R. Civ. P. 26(c)(1)(B). As Defendant insists that the deposition of Dr. Yam must take place first, the parties and Dr. Yam's attorney will work together to schedule his deposition **before or on November 3, 2023**. Since Dr. Yam and his counsel have been on notice that he was going to be deposed in this case since at least April 2023 and have been trying to work out a time for deposition since early October, the two weeks between now and the 3rd should be easily achievable. *See* ECF No. 133-1 at 21-26.

The Court assumes that Defendant is actively engaged in trying to identify its 30(b)(6) designee(s) at this time and working with Plaintiff to whittle down the

23 topics identified in the Notice, as counsel represented in her e-mails to Plaintiff. As such, the Court will set the deposition of Defendant's 30(b)(6) witness(es) to take place **before or on November 17, 2023**. That way, if Dr. Yam's deposition presents any new information about other Providence actors with knowledge of this case, Defendant will have two weeks to contact and depose those newly-identified persons.

Finally, the Court notes Plaintiff's concerns about how delaying these depositions will impact initial expert disclosures. In view of these concerns, the Court will amend the Second Amended Scheduling Order so that the initial expert disclosures and their Rule 26(a)(2) reports will be due **on or by December 15, 2023**. *See* ECF No. 124 at 2. All other dates as to the Second Amended Scheduling Order, including the April 22, 2024 discovery cutoff date, remain in effect at this time.

Moving forward, the parties will collaborate to identify mutually agreeable dates for noticed depositions. In the unlikely event that the parties cannot agree upon a set date for depositions, the party seeking relief from the noticed date will seek a protective order from the Court in sufficient advance of the scheduled time for deposition per the Scheduling Order. If time does not otherwise permit, the parties will contact Chambers to set an informal telephonic conference to be heard on such matters to avoid after-the-fact motions such as this.

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER ~ 13

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's motion to expedite (ECF No. 130) is **GRANTED** and Defendant's motion for a protective order (ECF No. 128) is **GRANTED IN PART**.

2. Dr. Yam will be deposed on or before **November 3, 2023**. Defendant's 30(b)(6) designees will be deposed on or before **November 17, 2023.** The scheduling order is updated to reflect that initial expert disclosures and accompanying Rule 26(a)(2) reports will be accepted on or before **December 15, 2023**.

3. The Court does not impose sanctions at this time as no motion for sanctions was received from Plaintiff. Each party is to bear its own costs.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED October 19, 2023.



THOMAS O. RICE
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER ~ 14